The Honorable Charles L. Ormond State Representative 1500 View Street Morrilton, AR 72110-3725
Dear Representative Ormond:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment:
 Popular Name
THE ARKANSAS COMMISSION ON LOTTERIES AND WAGERING AMENDMENT
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION ESTABLISHING THE ARKANSAS COMMISSION ON LOTTERIES AND WAGERING AND VESTING THE COMMISSION WITH THE POWER TO OPERATE AND REGULATE CHARITABLE BINGO, LOTTERY GAMES, AND WAGERING GAMES; PROHIBITING THE GENERAL ASSEMBLY FROM REGULATING THE COMMISSION OR CHARITABLE BINGO, LOTTERY GAMES, OR WAGERING GAMES CONDUCTED BY THE COMMISSION; PROVIDING THAT THE FREEDOM OF INFORMATION ACT OF 1967 AND THE ARKANSAS ADMINISTRATIVE PROCEDURES ACT DO NOT APPLY TO THE COMMISSION; PROVIDING THAT UNLESS OTHERWISE SPECIFICALLY AUTHORIZED, STATE LAWS REGULATING A STATE AGENCY SHALL NOT APPLY TO THE COMMISSION; LICENSING CHARITABLE BINGO; PROVIDING FOR A STATE-WIDE LOTTERY; AUTHORIZING THE COMMISSION TO CONDUCT WAGERING GAMES IN FACILITIES OWNED AND OPERATED BY THE COMMISSION OR OTHER AUTHORIZED ENTITIES; LEGALIZING SHIPMENTS OF GAMBLING DEVICES INTO ARKANSAS; ESTABLISHING WAGERING DISTRICTS CONSISTING OF COUNTIES IN WHICH VOTERS APPROVE THE CONDUCT OF WAGERING GAMES; ESTABLISHING WAGERING DISTRICT ADVISORY COMMITTEES; PROVIDING THAT A PORTION OF THE PROCEEDS FROM WAGERING GAMES, WAGERING FACILITIES, AND ANCILLARY OPERATIONS ARE DISTRIBUTED TO TAXING UNITS IN WAGERING DISTRICTS AND EXPENDED FOR REBATES TO TAXPAYERS FOR A PORTION OF REAL PROPERTY TAXES PAID AND FOR REIMBURSEMENT TO RESIDENTS FOR A PORTION OF THEIR HEALTH INSURANCE PREMIUMS; AUTHORIZING AGREEMENTS BETWEEN THE COMMISSION AND THOROUGHBRED RACING TRACKS AND GREYHOUND RACING TRACKS FOR THE CONDUCT OF WAGERING GAMES BY THE TRACKS; AUTHORIZING THE COMMISSION TO CONDUCT PROMOTIONS THAT GIVE AWAY LODGING, FOOD, NON-ALCOHOLIC OR ALCOHOLIC BEVERAGES, OR ANY THING OF VALUE; PROVIDING FOR THE SERVICE OF ALCOHOLIC BEVERAGES AT WAGERING FACILITIES; AUTHORIZING THE COMMISSION TO CONTRACT IN THE COMMISSION'S NAME, BORROW MONEY AND EXECUTE NEGOTIABLE EVIDENCES OF DEBT, PLEDGE REVENUE, AND ACQUIRE PROPERTY; AUTHORIZING THE COMMISSION TO EXERCISE THE POWER OF EMINENT DOMAIN; PROVIDING THAT THE DEBTS AND LIABILITIES OF THE COMMISSION ARE NOT DEBTS OR LIABILITIES OF THE STATE OF ARKANSAS; ESTABLISHING THE QUALIFICATIONS OF AND METHOD OF SELECTING AND ELECTING COMMISSIONERS OF THE COMMISSION AND THEIR TERMS OF OFFICE; REQUIRING CANDIDATES FOR COMMISSIONER TO SIGN A POLITICAL PRACTICES PLEDGE AND FOLLOW CAMPAIGN FINANCE LAWS; NAMING CHARLES ORMOND AS THE INITIAL DIRECTOR OF THE COMMISSION; ALLOWING THE COMMISSION TO ESTABLISH THE SALARIES OF THE DIRECTOR, COMMISSIONERS, AND EMPLOYEES; AMENDING SECTION 14 OF ARTICLE 19 OF THE ARKANSAS CONSTITUTION TO CONFORM WITH THIS PROPOSED AMENDMENT; MAKING THIS AMENDMENT EFFECTIVE JANUARY 1, 2007; AND FOR OTHER PURPOSES
You have previously submitted popular names and ballot titles for similar proposed measures, which were rejected on the grounds of certain ambiguities in the text of the proposed measures. See, e.g., Op. Att'y Gen. 2005-168, 2005-128 and 2005-089.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject your proposed popular name and ballot title due to an ambiguity in the text of your measure. A number of additions or changes to your popular name and ballot title will be necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of this ambiguity. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguity:
 1. You have set out in Section 3 of your proposal your own term of office as Director of the Commission as being from January 1, 2007 through December 31, 2016. Section 18 of your proposed measure, however, states that your" amendment shall become effective January 1, 2008." Obviously, your term of office under the amendment may not begin prior to the effective date of the amendment. This obvious contradiction prevents me from certifying a ballot title for your measure. I suspect that your reference in Section 18 to the date "January 1, 2008" may be a typographical error, but am uncertain in this regard, in light of the fact that your first two submissions of this proposed amendment contained a proposed effective date of "January 1, 2007."
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MIKE BEEBE Attorney General
MB/cyh